UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| DOUGLAS FLAMBOE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:12-cv-606 |
| | ) | |
| v. | ) | Honorable Joseph G. Scoville |
| | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | **MEMORANDUM OPINION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This was a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits and supplemental security income (SSI) benefits. On November 19, 2012, this court entered a judgment vacating the Commissioner's decision and remanding this matter to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. The matter is now before the court on plaintiff's application for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (docket # 16). Defendant has ignored the motion. For the reasons set forth herein, plaintiff's motion will be granted in part and denied in part, and judgment will be entered in plaintiff's favor in the amount of $4,512.50.

**Discussion**

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by

> that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Astrue v. Ratliff*, 130 S. Ct. 2521, 2525 (2010). The Sixth Circuit has identified three conditions which must be met to recover attorney's fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances which would warrant a denial of fees. *See Marshall v. Commissioner*, 444 F.3d 837, 840 (6th Cir. 2006). Plaintiff is a prevailing party under this court's judgment remanding this matter to the Commissioner. *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993). Plaintiff is a financially eligible person under the EAJA. Defendant offers no special circumstances which might warrant denial of fees and has made no attempt to satisfy the burden of demonstrating that the government's position was substantially justified. *See Scarborough v. Principi*, 541 U.S. 401, 414 (2004); *Peck v. Commissioner*, 165 F. App'x 443, 446 (6th Cir. 2006). Plaintiff is entitled to an award of attorney's fees under the EAJA.

    **1.**    **Hours Claimed**

The United States Court of Appeals for the Sixth Circuit has cautioned lower courts against "rubber stamping" EAJA fee applications. *See Begley v. Secretary of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992). The EAJA requires "an itemized statement from [the] attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Plaintiff seeks compensation for 45.5 hours in attorney time. (docket # 16-1, ID# 707).

Generally, an attorney will "spend in a range of 15 to 30 hours" on a case seeking judicial review of the Commissioner's final administrative decision denying claims DIB and SSI benefits. *Nichols v. Commissioner*, No. 1:09-cv-1091, 2012 WL 1189764, at * 2 (W.D. Mich. Mar. 19, 2012) (collecting cases). "Unlike other types of civil cases in which the amount of discovery alone often creates wide variability in litigation hours, the vast majority of social security appeals conform to a relatively narrow range of hours because they involve a largely settled area of law, require no discovery, and follow a precise briefing schedule . . . ." *Crim v. Commissioner*, No. 1:11-cv-137, 2013 WL1063476, at * 4 (S.D. Ohio Mar. 14, 2013). Although exceptions exist and each case is examined on its own merits, 40 hours generally marks the "outer limits" of a reasonable expenditure of time on this type of case. *Id.* at 4-5. The evidence provided by plaintiff cannot support the extraordinary 45.5 hours requested. Plaintiff claims 38.1 hours for reviewing the administrative record, conducting unspecified "legal research," and drafting and editing plaintiff's brief. (docket # 16-1, ID# 707). This is unreasonably high for the work performed. (*See* Plf. Brief, docket # 12). This case did not involve any novel or unusually complex legal questions. The length of the administrative record was unexceptional. The upper limit of a reasonable time to review this administrative record, conduct whatever legal research was necessary, and prepare and file plaintiff's brief was 30 hours.

The 2.5 hours claimed for preparation of plaintiff's motion for EAJA attorney's fees is unreasonable. (docket # 16-1, ID# 707). EAJA motions are routine in nature and are generated by inserting the relevant figures for a case into a pre-existing template and attaching supporting exhibits. It should have taken no more than 1.2 hours to prepare and file the routine motion for

EAJA attorney's fees now before the court. (docket # 16). The court finds that the remaining 4.9 hours claimed by counsel are reasonable.

The court finds that 36.1 hours is the reasonable number of hours for all the work plaintiff's attorney performed in this case.

Plaintiff seeks to recover an additional $56.00 for "administrative services rendered" by unidentified members of Attorney Sawyer's staff (.7 hours x $80.00 per hour). (docket # 16 at ID# 697; docket # 16-1 at ID# 707). Plaintiff's claim for non-attorney time is not adequately documented. It appears to be ordinary office overhead for which a client would not normally be billed. *See Neil v. Commissioner*, 495 F. App'x 845, 486 (9th Cir. 2012); *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 974 (D.C. Cir. 2004); *Cooper v. Astrue*, No. 11-5109, 2013 WL 1399338, at * 2 (W.D. Ark. Mar. 18, 2013); *Spiller v. Commissioner*, No. 3:11-cv-94, __ F. Supp. 2d __, 2013 WL 708038, at * 2 (S.D. Ohio Feb. 25, 2013); *accord Allison v. Lansing*, No. 5:03-cv-156, 2007 WL 2114726 (W.D. Mich. July 19, 2007). Accordingly, there will be no EAJA award for the non-attorney time claimed.

### 2. Hourly Rate

The EAJA generally caps the hourly rate for attorney's fees at $125 per hour. 28 U.S.C. § 2412(d)(2)(A). "[T]he statutory rate is a ceiling and not a floor." *Chipman v. Secretary of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986). Plaintiff seeks to recover at a rate of $170.52 for work performed in this court. (docket # 16 at ID# 697; docket # 16-1 at ID# 707). The requested rate is well above the statutory cap. The EAJA specifies that "attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living

or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Supreme Court has determined that the statutory $125 per hour cap applies "in the mine run of cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

"In requesting an increase in the hourly-fee rate, [p]laintiff[] bear[s] the burden of producing appropriate evidence to support the requested increase." *Bryant v. Commissioner*, 578 F.3d 443, 450 (6th Cir. 2009). Plaintiff's attorney argues that he should receive an increased hourly rate based on inflation and the Consumer Price Index. (docket # 16-1, ID#s 700, 705-06). In *Bryant*, the Sixth Circuit held that this was not sufficient evidence to carry the plaintiff's burden. *Id.* at 450; *accord O'Neal v. Commissioner*, No. 1:08-cv-723, 2011 WL 445936, at * 2 (W.D. Mich. Jan. 27, 2011) ("[T]his court is bound by *Bryant*, where the Sixth Circuit found that evidence of inflation, supported by the CPI, by itself, does not justify an increase in EAJA's statutory fee cap" and "[w]ithin this district, judges have consistently held that evidence of changes to the CPI is insufficient proof to justify an increase in the statutory cap."). The court finds that plaintiff has not carried his evidentiary burden to justify compensation at any rate above the statutory cap. It further finds that an award at the maximum hourly rate provides adequate and appropriate compensation for the work performed. Multiplying the 36.1 hours reasonably expended by counsel by the $125 per hour rate results in a $4,512.50 total. Plaintiff is entitled to an award of EAJA attorney's fees in the amount of $4,512.50 for the reasonable attorney's fees expended in this matter.

Plaintiff asks that the EAJA award be made payable to plaintiff's attorney. (docket # 16-1 at ID# 702). The EAJA provides in pertinent part that the court shall award fees "to a

prevailing party." 28 U.S.C. § 2412(d)(1)(A).  Thus, any judgment entered for EAJA attorney's fees must be entered in plaintiff's favor.  *See Astrue v. Ratliff*, 130 S. Ct. at 2525.

Any agreements entered into between plaintiff and counsel are not part of this closed case and cannot be injected into it at this juncture.  There is a significant potential for conflict among plaintiff, his creditors, and his attorney with regard to the EAJA fees.  "The EAJA does not legally obligate the Government to pay a prevailing litigant's attorney, and the litigant's obligation to pay [his] attorney is controlled not by the EAJA but by contract and the law governing that contract." *Astrue v. Ratliff*, 130 S. Ct. at 2530 (Sotomayor, J. concurring).  Plaintiff's contractual obligations to his attorney are not part of this case.

## **Conclusion**

For the reasons set forth herein, the court will enter an order granting plaintiff's motion in part and denying it in part, and will enter a judgment in plaintiff's favor against defendant in the amount of $4,512.50.


Dated:  May 8, 2013         /s/  Joseph G. Scoville
                            United States Magistrate Judge